[Cite as *State v. Missler*, 2016-Ohio-3204.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                           Court of Appeals No. H-15-012

    Appellee                                       Trial Court No. CRI-2015-0047

v.

Andrew Missler                                  **DECISION AND JUDGMENT**

    Appellant                                     Decided:  May 27, 2016

* * * * *

Thomas J. McGuire, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an *Anders* appeal.  Appellant, Andrew Missler, appeals the judgment of the Huron County Court of Common Pleas, convicting him of one count of possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree, and sentencing him to a six-month prison term to be served concurrently to a three-year sentence in another matter.  For the following reasons, we affirm.

## I. Facts and Procedural Background

{¶ 2} The transcript reveals that appellant was indicted on two counts of felony child endangering, felonies of the third degree, in case No. CRI-2015-0067. Subsequently, appellant was charged by way of information with possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree, in case No. CRI-2015-0047. As part of a negotiated plea agreement, appellant waived his right to a grand jury indictment on the charge of possession of heroin, and pleaded guilty to that charge. In addition, appellant pleaded guilty to one count of felony child endangering in the other case. In exchange, the state dropped the second count of felony child endangering, agreed not to pursue other charges that were pending, and recommended that the sentences be ordered to be served concurrently. The trial court thereafter engaged in a detailed Crim.R. 11 plea colloquy with appellant, following which the court accepted appellant's pleas and found him guilty.

{¶ 3} At sentencing, the court heard statements from the state, one of the relatives of the victim, and from appellant. Thereafter, the court, expressly considering the principles and purposes of sentencing in R.C. 2929.11 and balancing the seriousness and recidivism factors in R.C. 2929.12, sentenced appellant to the maximum prison term of 36 months on the count of felony child endangering, and six months on the count of possession of heroin. The court further ordered the sentences to be served concurrently.

{¶ 4} Appellant has timely appealed his conviction and sentence. Prior to the briefs being submitted, however, we recognized that appellant had only filed a notice of

2.

appeal in case No. CRI-2015-0047. Because the cases had not been consolidated in the trial court, and because appellant had not filed a notice of appeal in case No. CRI-2015-0067, we determined that this appeal is limited to his conviction for possession of heroin in case No. CRI-2015-0047.

{¶ 5} Subsequently, appointed counsel for appellant filed a brief and requested leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise additional matters. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

## II. Assignment of Error

{¶ 6} In his *Anders* brief, counsel has assigned the following potential error for our review:

3.

I. Whether appellant's sentence on a fifth degree felony to a term of incarceration was an abuse of discretion.

{¶ 7} Appellant has not filed a pro se brief or otherwise raised any additional matters.

### III. Analysis

{¶ 8} We review a felony sentence under the two-prong approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9} Relevant here, R.C. 2929.13(B)(1)(b)(x) provides that a trial court has discretion to impose a prison term for a felony of the fourth or fifth degree that is not an offense of violence if "[t]he offender at the time of the offense was serving, or the offender previously had served, a prison term." In its sentencing entry, the court found that appellant had previously served a prison term, as detailed in the presentence

4.

investigation report. Thus, we conclude that the record supports the court's finding under that section.

{¶ 10} We further conclude that appellant's sentence is not otherwise contrary to law. Here, the trial court appropriately considered R.C. 2929.11 and 2929.12 when fashioning its sentence, and the six-month prison term is within the range of potential sanctions for a fifth-degree felony. R.C. 2929.14(A)(5).

{¶ 11} Therefore, we hold that the trial court did not err when it sentenced appellant to a prison term on the fifth-degree felony of possession of heroin. Accordingly, counsel's proposed assignment of error is not well-taken.

## IV. Conclusion

{¶ 12} We have conducted an independent review of the record, as required by *Anders*, and find no issue of arguable merit for appeal. Therefore, counsel's motion to withdraw is hereby granted.

{¶ 13} For the foregoing reasons, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

{¶ 14} The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                    JUDGE

Arlene Singer, J.

                                                            _____
Stephen A. Yarbrough, J.                              JUDGE
CONCUR.

                                                            _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.