[Cite as *State v. Hall*, 2016-Ohio-4962.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103760

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL HALL

DEFENDANT-APPELLANT

---

### JUDGMENT:
DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595323-A

**BEFORE:** Stewart, J., E.T. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 14, 2016

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East 9th Street, Suite 600
Cleveland, OH 44114

**ALSO LISTED:**

Michael Hall, pro se
394 East 200th Street
Cleveland, OH 44109


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** Michael Hall was indicted on charges of burglary and menacing by stalking after entering his ex-girlfriend's home unannounced and uninvited while she was sleeping. Following a bench trial, Hall was found guilty of the burglary but not guilty of the menacing charge. The court sentenced Hall to one year of community control sanctions and appointed counsel to represent him on appeal. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel now asks this court for permission to withdraw as appellate counsel on the basis that Hall cannot raise any nonfrivolous issues on appeal. Hall was given an opportunity to file his own merit brief but has not done so.

**{¶2}** In accordance with Loc.R. 16(C) and *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420, counsel's *Ander's* brief asserts and discusses one arguable assignment of error that Hall could raise on appeal but would be frivolous — that is a manifest weight challenge to the burglary conviction. After reviewing the record in light of counsel's identification and discussion of the potential assigned error, *see Taylor* at ¶ 18, we agree that a manifest weight challenge is frivolous in this case.

**{¶3}** When reviewing a lower court judgment on the basis that the verdict is against the manifest weight of the evidence, appellate courts are

> charged with reviewing the record, weighing the evidence and credibility of the witnesses, and ultimately determining whether the jury so "clearly lost its way" and "created such a manifest miscarriage of justice that [the] conviction[s] must be reversed and a new trial ordered."

*State v. Shepherd*, 8th Dist. Cuyahoga No. 102974, 2016-Ohio-1119, ¶ 9, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Reversal based on a manifest weight challenge is warranted "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.* at 387. As we have recently stated, "[t]he standard of review uses the word 'manifest,' indicating that we can only reverse the trier of fact if its decision is very plainly or obviously contrary to the evidence." *State v. Thigpen*, 8th Dist. Cuyahoga No. 102467, 2016-Ohio-1374, ¶ 6.

{¶4} Appellate counsel points out, and we have confirmed, that a substantial portion of the trial transcript in this case is dedicated to establishing and disproving the elements of the menacing by stalking charge. Hall was acquitted of this charge. The remainder of the transcript addressing the burglary charge is slight and focuses on the following facts.

{¶5} At trial, Hall's ex-girlfriend, M.J., testified that she and Hall had dated for four years before breaking up five months prior to the burglary. M.J. explained that after their breakup, Hall repeatedly showed up at her home despite being told that he was not welcome. Eventually, Hall's behavior became so alarming to M.J. and her parents that they asked the police to place Hall on a "no trespass list."[1] M.J. testified that on April

---

[1] According to Euclid Police Detective Brett Buchs's testimony, a homeowner can call the police department and give the name of a person whom the homeowner no longer considers welcome at their address. The person is added to a database referred to as a "no trespass list." The Detective further testified that Hall was on the no trespass list as not being welcome at M.J. and her parents' home.

23, 2016, at around 7:30 a.m., she awoke to find Hall, dressed in all black, standing in her bedroom doorway. When M.J. asked Hall what he was doing in her home and how he got in, Hall explained that he entered the home a few minutes earlier through a door that her mother had left open while she was rearranging cars in the driveway. According to M.J., Hall gave her some flowers and told her that he loved her. M.J. told Hall to leave and he exited the home.

{¶6} M.J.'s mother testified that she received a call from her daughter around 7:30 a.m. shortly after she left for work. According to the mother, M.J. was hysterical while she explained to her mom that Hall had entered the house while she was sleeping. After talking with her daughter, the mother returned home and called the police. Two officers responded to the scene. They recovered the flowers that Hall had left, asked M.J. where Hall lived, and proceeded to arrest Hall at his house a few blocks away. When he was arrested, Hall was dressed in all black like M.J. reported.

{¶7} Hall did not testify at trial or call witnesses on his behalf. Rather, defense counsel relied on cross-examination aimed solely at attacking the state's witnesses' credibility. The witnesses never wavered in their accounts however.

{¶8} Defense counsel cross-examined M.J. on her on-again-off-again relationship with Hall, and the fact that she did not call the police immediately upon discovering Hall in her home; however, neither of these facts contradict M.J.'s testimony that Hall entered her home uninvited and without permission. Further, defense counsel's cross-examination of the mother consisted of asking the mother why she waited until she

returned home to call the police after hearing that Hall had entered their home, and uncovering the fact that the mother had a clear view of the side door as she was moving cars. In response to these questions, the mother testified that she went home rather than calling the police because she was close by, and that she did not notice anyone enter the home while moving cars — a fact that was explained away on redirect when the state established that the mother was more interested in getting the cars rearranged so that she could get to work, rather than stealthily watching the door for intruders.

{¶9} Lastly, defense counsel's cross-examination of first responder Officer Michael Neibecker, and Detective Brett Buchs, the detective assigned to the case, did nothing but establish that Hall maintained, when questioned by police, that he did not enter M.J.'s home on the morning of April 23, 2015, and that the officers did not uncover any physical evidence that would support his presence in the home. The fact that Hall maintained that he was sleeping in his home when the alleged burglary occurred is undermined by the fact that when police showed up to his home only a few minutes after the responding to the 911 call at M.J.'s house, Hall was fully dressed in an all black outfit similar to the one M.J. described that he was wearing when he appeared in her home. Moreover, the police explained that they did not collect physical evidence from the crime scene because there were no signs of forced entry into the home. Thus, nothing about this line of questioning attacked or otherwise countered the weight of M.J.'s testimony that Hall had entered the house without permission knowing that he was not welcome there.

{¶10} A reversal based on the manifest weight of the evidence is hard to procure even in the best of circumstances. Indeed, in most cases the error is raised simply because there is not anything else to raise. The fact of the matter is, in order to prevail on an assignment of error asserting that a verdict is against the manifest weight of the evidence, it is ordinarily necessary that the defendant have put on some type of evidence in his defense for which the appellate court can weigh against the state's evidence. While the standard certainly allows appellate courts to weigh witness credibility in addition to evidence, in cases such as this, where the defendant has failed to show any particular inconsistencies in witness testimony or particular motives for witness untruthfulness, credibility is simply not at issue. When the only evidence presented is evidence that supports the state's charges against the defendant, and the only counterweight to that evidence is defense counsel's cross- examination attacking what the state's witnesses "did not know" or "did not see" or "did not do," in an attempt to create a reasonable doubt, it will be frivolous to assert that the verdict is against the manifest weight of the evidence.

{¶11} Appellate courts are not authorized to second guess the decisions of the factfinder when the defendant raises a manifest weight challenge. Rather they may only reverse a judgment in the rare instance that a factfinder "clearly loses its way" resulting in a "manifestly unjust" verdict. Under no circumstances could an appellate court find that the verdict is against the manifest weight of the evidence in this case. Accordingly, we grant appellate counsel's motion to withdraw and dismiss the appeal.

**{¶12}** Appeal dismissed.

It is ordered that appellee recover of said appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

EILEEN T. GALLAGHER, P.J., CONCURRING IN JUDGMENT ONLY:

**{¶13}** I write separately to express my concerns regarding whether a challenge to the manifest weight of the evidence supporting a criminal conviction following a jury trial can be properly resolved under *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶14}** In *Anders*, the court stated that once appellate counsel files an *Anders* brief, we must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Id.* at 744. If, however, we find any of the legal points "arguable on their merits (and therefore not frivolous) [we] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

**{¶15}** Based on the foregoing language, I am concerned that the nature of a criminal manifest weight challenge, including arguments relating to the assessment of witness credibility and the weight to be given to testimony, are nonfrivolous legal points that are inherently "arguable on their merits." While I certainly agree with the lead

opinion's conclusion that a manifest weight challenge in this case would be meritless, I am reluctant to categorize the proposed assignment of error as "wholly frivolous."

**{¶16}** Despite my concerns, however, I am persuaded by the Second District's rationale for addressing sufficiency and manifest weight challenges under *Anders*. In *State v. Matzdorff*, 2d Dist. Montgomery No. 26370, 2015-Ohio-901, the Second District explained

> *Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. Rather, an issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

*Id*. at ¶ 5.

**{¶17}** Because I agree with the lead opinion's determination that no responsible contention can be made in this case that a manifest weight challenge offers a basis for reversal, I agree with the decision to grant appellate counsel's motion to withdraw and dismiss the appeal.

**{¶18}** However, I concur in judgment only based on the lead opinion's citation to *Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420. In my view, *Taylor* expressly contradicts our role as a reviewing court set forth in Loc.R. 16(C), as well as reviewing courts' role under *Anders*. Under Loc.R. 16(C) and *Anders*, this court has an obligation to independently review the record to determine whether the appellant has an issue of arguable merit. *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Thus, I respectfully concur in judgment only with the lead opinion.

KEYWORDS AND SUMMARY:

*Anders* brief; frivolous; manifest weight of the evidence. Appellate counsel's motion to withdraw is granted where record shows that a manifest weight challenge would be frivolous.