[Cite as *State v. Wenner*, 2018-Ohio-2590.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                             Court of Appeals No. S-18-004

       Appellee                                        Trial Court No. 17 CR 497

v.

Dana L. Wenner                                       **DECISION AND JUDGMENT**

       Appellant                                      Decided:  June 29, 2018

* * * * *

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

## Introduction

{¶ 1} Appellant, Dana L. Wenner, appeals the February 1, 2018 judgment of the

Sandusky County Court of Common Pleas, where she was convicted of theft in violation

of R.C. 2913.02(A)(3), a felony of the fifth degree.  Appellant's counsel filed a request to

withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967), on March 26, 2018. For reasons stated below, we discharge counsel and appoint new counsel to prepare an amended merit brief. Further, we declare that our court will no longer accept motions to withdraw or briefs filed pursuant to *Anders*.

## Background

{¶ 2} On May 19, 2017, an indictment was issued against appellant for grand theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree.

{¶ 3} The charge stemmed from appellant repeatedly lying to the victim, Bryan Hoang, to obtain over $90,000. Specifically, appellant lied about her medical condition and about needing money to pay her medical expenses, when in reality appellant was taking the money and gambling it away.

{¶ 4} On November 29, 2017, appellant entered into a guilty plea to the lesser included offense of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. The court proceeded with its Crim.R. 11 colloquy. The court accepted appellant's plea, ordered a presentence investigation report, and set the matter for sentencing.

{¶ 5} On January 29, 2018, the trial court sentenced appellant to 365 days incarceration, with 180 days suspended, and imposed three years postrelease control. The sentencing entry was journalized on February 1, 2018, and appellant timely appeals.

## *Anders* Brief

{¶ 6} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*. In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case,

2.

determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw, and allow the client sufficient time to raise any matters the client so chooses. *Id.*

{¶ 7} The appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed wholly frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

{¶ 8} Here, counsel asserted that, after reviewing the record thoroughly, no nonfrivolous argument or defense in support of appellant could be presented. Specifically, counsel states that he found "no error by the trial court prejudicial to the rights of Appellant which may be argued in a nonfrivolous manner on appeal." Counsel further states that "for pro forma purposes and to comply with the Ohio Rules of Professional Conduct," he requests permission "to withdraw as counsel of record for Appellant on the basis that the instant appeal is frivolous." Counsel did not submit any potential assignment of error, appellant did not submit a pro se brief, and the state did not file a response brief.

## Court Examination of Appeal

{¶ 9} In our role customarily undertaken pursuant to *Anders*, we will now fully examine the proceedings to decide if this appeal is indeed wholly frivolous.

3.

**{¶ 10}** Appellant pled guilty to and was convicted under R.C. 2913.02(A)(3), which provides: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [b]y deception[.]" This guilty plea limits our review where the trial court proceeded with sentencing, and because no issue exists with the plea, we proceed with a review of the sentencing.

**{¶ 11}** Our examination of sentencing, and in specific the transcript of the hearing and the judgment entry, reveals at least one potential assignment of error: did the trial court fail to comply with R.C. 2929.13(B)(1) when imposing a jail sentence on appellant?

**{¶ 12}** "R.C. 2929.13(B)(1)(a) states in pertinent part that if an offender 'pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration' if certain conditions are met." *See State v. Holt*, 2d Dist. Montgomery No. 26031, 2014-Ohio-2204, ¶ 12.

**{¶ 13}** The conditions are listed in subsections (i) through (iv) of R.C. 2929.13(B)(1)(a) as follows:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

4.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 14} Additionally, R.C. 2929.13(B)(1)(b) provides that a trial court only has discretion to impose a prison term for a felony of the fourth or fifth degree, that is not an offense of violence, when one of the enumerated exceptions apply. *See*, *e.g.*, *State v. Missler*, 6th Dist. Huron No. H-15-012, 2016-Ohio-3204, ¶ 9 (finding section (B)(1)(b)(x) applicable because the offender had previously served a prison term).

{¶ 15} We note that the sentencing entry and record must support the court's findings under R.C. 2929.13(B)(1), otherwise the sentence is contrary to law. *Id.* *See also State v. Freeman*, 8th Dist. Cuyahoga No. 103677, 2016-Ohio-3178, ¶ 21.

{¶ 16} As we have identified a potential assignment of error and "[b]ecause an *Anders* brief is not a substitute for an appellate brief on the merits, we must 'appoint counsel to pursue the appeal and direct that counsel is to prepare an advocate's

Brief * * *' before we can decide the merit of the issue." *State v. Hopkins*, 6th Dist. Lucas No. L-10-1127, 2011-Ohio-4144, ¶ 11.

## Prohibition of *Anders* Briefs

{¶ 17} Recently, as articulated in *In re K.D.*, 6th Dist. Sandusky No. S-16-008, 2017-Ohio-136, and *In re B.H.*, 6th Dist. Lucas Nos. L-17-1126, L-17-1127, 2018-Ohio-1238, we prohibited *Anders* briefs in appeals from "neglect and dependency dispositional orders granting legal custody of a child to a nonparent" and from "cases involving the termination of parental rights." *In re B.H.* at ¶ 2-3.

{¶ 18} "Ohio courts have applied the procedures announced in *Anders* since at least 1970." *See State v. Upkins*, Slip Opinion No. 2018-Ohio-1812, ¶ 18 (Fischer, J., dissenting), citing *State v. Toney*, 23 Ohio App.2d 203, 207, 262 N.E.2d 419 (7th Dist.1970). Since then, however, the Fourth and Seventh Districts of Ohio have prohibited *Anders* briefs from criminal appeals. *Id.* at ¶ 24.

{¶ 19} In *State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d 942 (4th Dist.), the Fourth District held "that in any criminal appeal as a matter of right, it is no longer an acceptable practice in this court for counsel to file an *Anders* no merit brief[.]" *Id.* at ¶ 16. The court based its decision on the potential problems *Anders* briefs present, such as: the prejudice to the client, the tension between counsel's duty to the client and the court, the role reversal between counsel and the court, the removing of the adversarial nature of the judicial system, the role of advocate being placed on the judiciary, the potential appearance of impropriety, and the lack of nationwide uniform guidelines. *See id.* at

6.

¶ 10-22.  *See also Upkins* at ¶ 10-30.  The *Wilson* holding and rationale were adopted by the Seventh District in *State v. Cruz-Ramos*, 7th Dist. Mahoning No. 17 MA 0077, 2018-Ohio-1583, ¶ 14-17.

{¶ 20} Emphasizing each potential problem stated above is a legitimate concern, we are particularly concerned with the inherent prejudice to the client when appellate counsel identifies no nonfrivolous issue on appeal in an effort to comply with Prof.Cond.R. 3.1, despite counsel's ultimate duty to advocate for her client.  *See* Prof.Cond. Preamble:  A lawyer's responsibilities ("As advocate, a lawyer asserts the client's position under the rules of the adversary system.").  Particularly troublesome is that counsel then posits potential assignments of error while arguing why the potential errors are frivolous, a role properly assigned to appellee.  Such a schizophrenic approach not only confuses the client and leads to distrust of the justice system, but also could result in a miscarriage of justice because in reality it invites perfunctory review by the court.  *See also Mosley v. State*, 908 N.E.2d 599, 608 (Ind.2009) ("An *Anders* withdrawal prejudices an appellant and compromises his appeal by flagging the case as without merit, which invites perfunctory review by the court.").

{¶ 21} Additionally, we find *Anders* briefs provide a "less-than-effective" and less-than-efficient method to determine if there are meritorious defenses.  *See Upkins*, 2018-Ohio-1812, at ¶ 9; *See also Mosley* ("Prohibiting *Anders* withdrawals may also force counsel to be more diligent and locate meritorious issues in a seemingly empty record.").  In this case, for instance, appellant's counsel filed an *Anders* brief pointing to

7.

no potential assignment of error; despite our finding otherwise. Perhaps counsel should focus diligently on locating meritorious issues.

## What is Frivolous?

{¶ 22} What constitutes a frivolous assignment of error? This requires referencing Prof.Cond.R. 3.1, *infra*. This rule and its three comments address an Ohio lawyer's obligations with respect to "meritorious claims and contentions." The ethical guidelines therein, with respect to criminal defense, can be summarized as follows.

{¶ 23} A criminal defense attorney must proceed with a basis in law (procedural and substantive) and fact. Whether the attorney believes the client has a meritorious defense or not is irrelevant, because the attorney must use the legal process for her client's benefit and, at a minimum, may defend as to require every element of the crime proven beyond a reasonable doubt. So long as no abuse of the process occurs, all that is required is a good faith argument for an extension, modification, or reversal of law, and this is in light of the fact that the law is often ambiguous, in need of change, and never static.

{¶ 24} Prof.Cond.R. 3.1, comment 3, further adds:

> [3] The lawyer's obligations under this rule are subordinate to
> federal or state constitutional law that entitles a defendant in a criminal
> matter to the assistance of counsel in presenting a claim or contention that
> otherwise would be prohibited by this rule.

8.

*See Mosley*, 908 N.E.2d at 608 (using similarly worded "Ind. Professional Conduct Rule 3.1 cmt." and the Indiana oath of attorneys to support the prohibition of *Anders* briefs in criminal appeals).

{¶ 25} We find this rule, and in particular comment 3, eliminates any ethical concerns counsel may have when advocating as a defense attorney and asserting the client's position under the rules of the adversary system. Even without comment 3's protective language added to the rule, we find a lawyer has substantial room to argue in defense of her client. This is especially on appeal where the entire record is available to be scrutinized for error.

{¶ 26} Initially, and because an attorney may require proof of the elements of a crime, we find there may be legal sufficiency and manifest weight of the evidence arguments to be made on appeal. *See* Prof.Cond.R. 3.1 ("A lawyer for the defendant in a criminal proceeding * * * may nevertheless so defend the proceeding as to require that every element of the case be established."); *State v. Hall*, 8th Dist. Cuyahoga No. 103760, 2016-Ohio-4962, ¶ 15 (Gallagher, P.J. concurring) ("I am concerned that the nature of a criminal manifest weight challenge, including arguments relating to the assessment of witness credibility and the weight to be given to testimony, are nonfrivolous legal points that are inherently 'arguable on their merits.'"); *State v. Cigic*, 639 A.2d 251, 253 (1994) ("Provided that appellate counsel has a good faith basis for doing so, it would also not be frivolous, for example, to challenge the sufficiency of the evidence used to convict the defendant.").

9.

**{¶ 27}** Moreover, and even where a no-contest or guilty plea is entered into, there may be potential errors related to the defendant's plea. *See*, *e.g.*, *State v. Gilbert*, 2018-Ohio-879, 96 N.E.3d 360 (6th Dist.) (finding plea involuntary and invalid despite counsel's filing of *Anders* brief arguing no colorable argument existed).

**{¶ 28}** And as a final resort, an attorney can point to the sentencing of her client to argue an error may have occurred there. *See*, *e.g.*, *State v. Jones*, 6th Dist. Sandusky No. S-16-040, 2018-Ohio-2033 (finding sentence contrary to law based on two meritorious defenses, despite counsel filing of *Anders* brief). This allows for general policy arguments to be made, including the application of punishment theories highlighted in Ohio's sentencing scheme. *See* R.C. 2929.11 and 2929.12 (recidivism and seriousness factors); *see also Mosley*, 908 N.E.2d at 608 ("And in those few cases that offer no colorable argument of trial court error whatsoever, counsel may still be able to solicit a sentence revision[.]"). We stress that the eventual outcome of the appeal does not matter.

**{¶ 29}** Overall, and in consideration of comment 3 and the preclusive effect of res judicata, we find an attorney should rarely if ever concede that no nonfrivolous argument can be presented on direct appeal. This position is adopted in light of the fact that "[t]he *Anders* procedure is a constitutional floor and not a constitutional ceiling" and, therefore, its prohibition is consistent with the U.S. (and Ohio) Constitution because "states may impose greater duties on a defendant's attorney but may not allow counsel to fall short of this level of duty." *See Upkins*, 2018-Ohio-1812, at ¶ 9. Accordingly, as our sister

10.

districts in *Wilson* and *Cruz-Ramos*, we expand our prohibition of *Anders* briefs to criminal appeals.

## Conclusion

{¶ 30} Appointed counsel's motion to withdraw is granted, and we appoint Emil G. Gravelle, III, 709 Madison Avenue, Suite 216, Toledo, Ohio 43604, as appellate counsel in this matter, and direct him to prepare an appellate brief discussing the arguable issue identified in this decision, and any additional potential errors, within 30 days of the date of this decision and judgment.  The remaining briefing schedule shall proceed in accordance with App.R. 18.  The clerk is ordered to serve by regular mail all parties, including Dana L. Wenner, with notice of this decision.

Motion granted.

Mark L. Pietrykowski, J.                            _____
                                                     JUDGE
Arlene Singer, J.

James D. Jensen, J.                                 _____
CONCUR.                                                   JUDGE

                                                            _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.