[Cite as *State v. Warford*, 2018-Ohio-4055.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Brian Warford

        Appellant

Court of Appeals Nos. L-17-1307
L-17-1308

Trial Court Nos.  CR0201501526
CR0201702385

**DECISION AND JUDGMENT**

Decided:  October 5, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
James F. Tafelski, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

## Introduction

{¶ 1} In this consolidated matter, appellant, Brian Warford, challenges the

November 16, 2017 judgments of the Lucas County Court of Common Pleas, in which he

was sentenced to 42 months of incarceration for escape in violation of R.C.

2921.34(A)(1) and (C)(2)(b), a felony of the third degree, and for domestic violence in violation of R.C. 2919.25(A) and (D), a felony of the fourth degree. Finding no error, we affirm.

## Background

{¶ 2} On March 27, 2015, appellant was indicted on the escape charge. Appellant pled not guilty in April 2015, but eventually withdrew the plea and pled no contest on May 19, 2015. Appellant was sentenced to three years of community control on July 9, 2015, and the sentencing court reserved a 30-month sentence to be imposed in the event appellant violated his community control conditions.

{¶ 3} Specifically, at the July 9, 2015 sentencing hearing the trial court stated as follows: "A violation of the law—of the terms and conditions of community control, violation of any law * * * may lead to a longer, more restrictive sanction. The Court may impose a sentence of 30 months as to the charge of escape." This is case No. CR0201501526.

{¶ 4} Appellant violated community control several times. For instance, he did so in both October 2015 and September 2016, to which the trial court responded by continuing his community control sanction.

{¶ 5} On August 10, 2017, however, appellant was indicted on the domestic violence charge, along with another charge for disrupting public services in violation of R.C. 2909.04(A)(1) and (C), a felony of the fourth degree. He pled no contest to the domestic violence, and the charge for disrupting public services was dismissed. Appellant was sentenced to 12 months of incarceration. This is case No. CR0201702385.

2.

{¶ 6} This domestic violence conviction was found to be a violation of appellant's community control conditions. This led the trial court to also impose the reserved 30-month sentence of CR0201501526. The sentences were set to run consecutively, for a total prison term of 42 months. The judgments were journalized November 16, 2017.

{¶ 7} A timely notice of appeal was filed on December 15, 2017, and appellant now appeals.

### *Anders* **Brief**

{¶ 8} On May 15, 2018, appellant's counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted that, after thoroughly reviewing the transcript of the proceedings in the trial court and the applicable case law, no meritorious assignments of error could be presented. Counsel did, however, submit the following potential assignment of error:

> Appellant's sentence should be vacated due to the trial court's failure to comply with R.C. 2929.11 and 2929.12.

{¶ 9} The state also filed an *Anders* brief, concurring with the conclusion of appellant's counsel that there was no arguable basis for a valid assignment of error and urging this court to permit counsel to withdraw. Appellant did not file a pro se brief.

{¶ 10} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978).

3.

{¶ 11} In *Anders*, the U.S. Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.* Once the requirements are fulfilled, the appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed frivolous. *Id.* If the appellate court determines the argument is frivolous, it may grant counsel's request to withdraw and dismiss the appeal or it may proceed to a decision on the merits. *Id.*

{¶ 12} On June 29, 2018, we released *State v. Wenner*, 6th Dist. Sandusky No. S-18-4, 2018-Ohio-2590, in which this court pronounced that it will no longer accept *Anders* briefs in criminal appeals. Nevertheless, because this case was filed before *Wenner*, we will proceed with the process and role customarily undertaken pursuant to *Anders*.

{¶ 13} We find appellant's counsel has satisfied the requirements of *Anders*, setting forth one potential assignment of error. Consequently we will address the potential error put forth by counsel, and then follow with our examination of the record.

**Potential Assignment of Error**

{¶ 14} Appellant's counsel asserts, as a potential error, that the trial court failed to comply with R.C. 2929.11 and 2929.12, when imposing sentence upon appellant.

4.

**{¶ 15}** R.C. 2929.11(A) pertinently provides, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions." It follows, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *See* R.C. 2929.11(A); *State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 10. A felony sentence, therefore, "shall be reasonably calculated to achieve the two overriding purposes * * * set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B); *Craig*.

**{¶ 16}** R.C. 2929.12(A) pertinently provides, "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing." In this determination, "R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26. "The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *Id.*

5.

{¶ 17} A sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria under R.C. 2929.11 and 2929.12. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 18} In this case, at the November 14, 2018 sentencing hearing, the trial court elaborated on its reasons for sentencing appellant in the manner in which it did, as follows:

> So you're on community control for a felony. You picked up a new felony offense of escape, and you remained on community control in both of them. Now in 2017-2385 is your second felony that has occurred while on community control, and the new one is a felony offense of violence, being domestic violence, a felony of the fourth degree. I understand the position of the parties, but it is my finding that [appellant] is not amenable to community control and that prison is consistent with the principles and purposes of sentencing. Therefore, as it relates to 2015-1526, I impose a prison term of 30 months; 2017-2385, 12 months. These sentences are ordered to be served consecutive to one another for [a] total stated prison term of 42 months. Consecutive sentences are necessary to protect the public from future crime and to punish the defendant, not disproportionate to the seriousness of the defendant's conduct or the danger he possess to the

6.

public or himself. I find that [appellant's] criminal history deserves consecutive sentences.

{¶ 19} Although neither statute is referenced in the trial court's open-court statement, we find the rationale demonstrates the necessary considerations under the sentencing criteria outlined in R.C. 2929.11 and 2929.12. Moreover, in both of the November 16, 2017 sentencing entries the trial court states verbatim as follows:

Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentence[s] are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was on community control, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively.

{¶ 20} Although R.C. 2929.12 is not specifically cited in the sentencing entries, we find the provided rationale demonstrates the necessary considerations. Consequently, we hold the trial court complied with R.C. 2929.11 and 2929.12. Appellant's potential assignment of error is not well-taken.

7.

**Our Examination**

{¶ 21} Last is our examination of the record to determine whether this appeal is indeed frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Review of the record does not reveal reversible error. Finding this appeal to be wholly frivolous and without merit, counsel's request to withdraw is granted.

**Conclusion**

{¶ 22} The November 16, 2017 judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this consolidated appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgments affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.         　　　_____
　　　　　　　　　　　　　　　　　JUDGE

Arlene Singer, J.         

Christine E. Mayle, P.J.       　　　_____
CONCUR.　　　　　　　　　　　　　　JUDGE

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　JUDGE

8.