[Cite as *State v. Hicks*, 2018-Ohio-5197.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No.  L-17-1232

      Appellee                                Trial Court No.  CR0201603250

v.

Emmett Hicks                                       **DECISION AND JUDGMENT**

      Appellant                               Decided:  December 21, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Emmett Hicks, appeals the July 5, 2017 judgment of

the Lucas County Court of Common Pleas sentencing him to a five-year prison term for

his burglary and felonious assault convictions. His appointed counsel filed a "no-merit brief," proposing a single potential assignment of error, but requested leave to withdraw as counsel, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

{¶ 2} On June 29, 2018 this court released *State v. Wenner*, 6th Dist. Sandusky No. S-18-4, 2018-Ohio-2590, in which we pronounced that we will no longer accept *Anders* briefs in criminal appeals. However, because this case was filed pre-*Wenner*, we have engaged in the review that we had customarily undertaken under *Anders*. For the reasons that follow, we affirm the trial court judgment and grant counsel's motion to withdraw.

## I.    Background

{¶ 3} On June 19, 2017, Hicks enter entered a plea of no contest to burglary, a violation of R.C. 2911.12(A)(1), a second-degree felony, and felonious assault, a violation of R.C. 2903.11(A)(1) and (D), also a second-degree felony. According to the facts presented by the state at Hicks' plea hearing, the victim in this case is Hicks' ex-girlfriend, with whom he has two children. On December 1, 2016, at approximately 8:40 a.m., the victim prepared to walk her three children to the bus stop. She opened the door of her apartment and found Hicks standing there with a baseball bat. The victim told Hicks that he was not welcome, but he forced his way inside.

**{¶ 4}** Hicks accused the victim of being unfaithful to him and started swinging the bat at her. The victim's young children tried to intervene, but were instead assaulted and forced into a back bedroom. Hicks confiscated their cellphone and told them not to come out. Hicks then forced the victim to remove her clothes and continued to accuse her of having sexual relations with another man. He searched her apartment, and when he found no one else there, he surmised that her paramour had fled her second-floor apartment by jumping off the balcony. Hicks then dragged the victim, still undressed, out to the balcony, picked her up, and threw her over the railing. The victim fractured her ankle in the fall.

**{¶ 5}** Following his plea, the court made a finding of guilt, ordered a presentence investigation report ("PSI"), and continued the matter for sentencing. On July 3, 2017, the court sentenced Hicks to five years in prison on each count, to be served concurrently, and imposed three years' mandatory post-release control. Hicks' conviction and sentence were memorialized in a judgment entry journalized on July 5, 2017.

**{¶ 6}** Hicks appealed, and pursuant to *Anders,* his counsel offers one potential assignment of error for our review:

> Did the trial court err when it sentenced Appellant to five years as the sentence is excessive?

3.

## II.     Review under *Anders*

{¶ 7} *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue.  In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw.  *Anders* at 744.  This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal.  *Id*. Furthermore, counsel must furnish his client with a copy of the brief, request to withdraw from representation, and allow the client sufficient time to raise any matters that he chooses.  *Id*.

{¶ 8} Once these requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires.  *Id.*  Should the appellate court find that the record supports any arguable claims, it should appoint new appellate counsel.  *Penson v. Ohio*, 488 U.S. 75, 76, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

4.

**{¶ 9}** Hicks appeals his conviction and sentence to this court through appointed counsel. His counsel has stated that following a thorough examination of the record, he finds no non-frivolous appealable issues and requests permission to withdraw. Counsel followed the requirements of *Anders* and transmitted to his client a copy of the brief outlining the potential assignment of error and his request to withdraw, in sufficient time for Hicks to file his own brief raising his own arguments. Hicks did not file a pro se brief. Accordingly, this court will examine the potential assignment of error counsel identified and review the entire record below to determine whether this appeal lacks merit and is, therefore, wholly frivolous.

### III.    Law and Analysis

### A.  Review of the Potential Assignment of Error

**{¶ 10}** Counsel proposes error in the length of the sentence imposed by the trial court. He suggests that the sentence was excessive and that the court failed to consider mitigating factors and the victim's oral statement at sentencing during which she requested leniency for Hicks.

**{¶ 11}** We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 12} Hicks' proposed assignment of error challenges only R.C. 2953.08(G)(2)(b). In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, provides guidance in determining whether a sentence is clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b). In *Kalish*, the Ohio Supreme Court held that where the trial court expressly states that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences the defendant within the statutorily-permissible range, the sentence is not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 13} Hicks was convicted of two second-degree felonies. R.C. 2929.14(A)(2) provides that "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." Thus, Hicks' five-year sentence is within the statutorily-permissible range. Additionally, for a felony of the second degree, R.C.

6.

2967.28(B)(2) provides for a mandatory three-year period of post-release control, as was imposed here. Thus, post-release control was properly imposed.

{¶ 14} As to the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, the trial court's July 5, 2017 judgment expressly states that it considered "the record, oral statements, any victim impact statement and presentence report prepared, *as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12*." (Emphasis added.)

{¶ 15} At the sentencing hearing, the trial court explained at length its rationale for the sentence it imposed. It is clear from this explanation that the court found it significant that (1) Hicks' violent behavior caused serious physical harm to the victim; (2) Hicks made inconsistent statements to mental health providers about the extent of his drug use; (3) Hicks committed these offenses in the presence of his young children; (4) Hicks' remorse appeared to the court to be disingenuous; (5) the injuries to the victim had the potential to have been much more severe; and (6) Hicks' conduct caused physical and emotional harm to the children. This explanation from the court demonstrates the applicability of a number of 2929.12(B) factors.

{¶ 16} While Hicks' PSI and the victim's statement indicate that Hicks suffers from mental health and substance abuse issues—factors that the court may take into account under R.C. 2929.12(C)(4) in considering whether Hicks' conduct was "less

serious than conduct normally constituting the offense"—the court's explanation demonstrates its conclusion that the applicable R.C. 2929.12(B) factors outweighed these possible grounds for mitigation.

{¶ 17} Because the trial court imposed a sentence within the statutorily-permissible range, properly imposed post-release control, and considered R.C. 2929.11 and 2929.12—including any mitigating factors—in imposing Hicks' sentence, we find that his sentence was not contrary to law under R.C. 2953.08(G)(2)(b). We, therefore, find the single potential assignment of error identified by assigned counsel to be not well-taken.

## B. Our Review of the Record

{¶ 18} As required under *Anders,* we have also undertaken our own independent examination of the record to determine whether any issue of arguable merit is presented for appeal. We have found none. Accordingly, we find this appeal is without merit and wholly frivolous.

## IV.    Conclusion

{¶ 19} Having found no error in the trial court, we affirm the July 5, 2017 judgment of the Lucas County Court of Common Pleas and grant counsel's motion to withdraw. Pursuant to App.R. 24, Hicks is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.      _____
               JUDGE

James D. Jensen, J.

              _____
Christine E. Mayle, P.J.        JUDGE
CONCUR.

              _____
               JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.