[Cite as *State v. Taylor*, 2015-Ohio-420.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101368**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MOSES TAYLOR**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582517-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, OH 44114


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Moses Taylor pleaded guilty to three counts of burglary and one count of breaking and entering. The court sentenced Taylor to concurrent one-year prison terms on each of the burglary counts, and two years of community control on the breaking and entering count, to be served consecutively to the burglary counts and to the sentence imposed in an unrelated case, Cuyahoga C.P. No. CR-13-579213. The court appointed new counsel for purposes of appeal. Appellate counsel seeks permission to withdraw from the case pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on grounds that Taylor can raise no non-frivolous issues on appeal. We offered Taylor the opportunity to file a merit brief, but he did not do so. Counsel's *Anders* brief lists one arguable issue for appeal: that the court erred because it did not sufficiently articulate why it imposed consecutive sentences.

{¶2} Before addressing the merits of the motion to withdraw as counsel, we think it provident to address the duties of defense counsel when filing an *Anders* brief and those of the court of appeals when ruling on motions to withdraw as counsel on grounds that an appeal would be frivolous. The Ohio Supreme Court has not addressed either of these issues, and because there are differences in the manner in which appellate courts review motions to withdraw as counsel, we believe some discussion is warranted.

{¶3} Although there is no constitutional right to appeal a criminal conviction, *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct., 913, 38 L.Ed. 867 (1894), R.C. 2953.02 establishes that "the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals." With there being a statutory right to appeal a criminal conviction, the Fourteenth Amendment to the United States Constitution guarantees the right to assistance of

counsel on appeal.  *Douglas v. California*, 372 U.S. 353, 357-358, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).  Thus, the state must appoint appellate counsel to an indigent person to afford him the same protections that a non-indigent person would have.  *Id*.

{¶4} A defendant's right to appeal, however, does not include the right to a frivolous appeal.  *Penson v. Ohio*, 488 U.S. 75, 83-84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).  While a lawyer has a duty to act with "*reasonable* diligence" in representing a client, Prof.Cond.R. 1.3 (emphasis sic),

> [a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue in a proceeding, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.

Prof.Cond.R. 3.1.  In addition to ethical considerations for all lawyers, public defenders are barred by statute from prosecuting any appeal "unless the county public defender is first satisfied there is arguable merit to the proceeding."  R.C. 120.16(D); *see also* R.C. 120.06(B) (relating to the state public defender).

{¶5} The United States Supreme Court has acknowledged the dilemma posed by a lawyer's obligation to represent a client with reasonable diligence yet not bring frivolous actions, noting that "'an attorney confronted with the *Anders* situation has to do something that the Code of Professional Responsibility describes as unethical; the only choice is as to which canon he or she prefers to violate.'"  *Smith v. Robbins*,  528 U.S. 259, 281, 120 S.Ct. 746, 145 L.Ed.2d 756, (2000), fn. 11, quoting Pengilly, *Never Cry Anders: The Ethical Dilemma of Counsel Appointed to Pursue a Frivolous Criminal Appeal*, 9 Crim. Justice J. 45, 64 (1986).

{¶6} Seeking to define the line between a right to appeal and appeals that are frivolous, *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, sets forth a procedure for ensuring that an

indigent defendant's right to counsel on appeal is honored when his attorney asserts that the appeal is without merit. As currently explained by the United States Supreme Court, if an appointed attorney concludes that the client's appeal is wholly frivolous, the attorney must (1) so inform the court, (2) seek permission to withdraw, and (3) file a brief "'referring to anything in the record that might arguably support the appeal.'" *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 437-439, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) (quoting *Anders* at 744). An appeal is frivolous if it has no basis in law or fact. *Id.* at fn.10.

{¶7} *Anders* is "prophylactic" in nature, and states are free to adopt different procedures as long as the indigent person's right to appellate counsel is adequately safeguarded. *Smith* at 265. Although Ohio courts have adopted *Anders* and its use of the "no-merit" brief, there is no defined procedure in Ohio for what the brief must contain, at least not by rule or precedent established by the Supreme Court of Ohio. As a result, we have seen widely varying briefs of counsel who seek to withdraw: we note anecdotally that some *Anders* briefs claim to be unable to identify any potential issues for appeal; others simply list a potential argument but fail to explain why the argument, if raised, would be frivolous; and still others set forth an arguable issue for review and then explain why that argument would be frivolous.

{¶8} We believe it self-evident that any motion to withdraw as counsel on grounds that an appeal is wholly frivolous must contain a discussion of why the appeal is frivolous. At all times, an *Anders* brief is to support a motion to withdraw as counsel and, like any other movant, counsel, in these circumstances bears the burden of showing why the motion should be granted. The mere representation that an appeal is frivolous is nothing more than a conclusion that does not carry the burden of showing why the motion to withdraw as counsel should be granted. To

allow counsel to do nothing more than list potential assignments of error begs the question of why those potential assigned errors are frivolous.

**{¶9}** It is for this reason that a conforming *Anders* brief must refer "to anything in the record that might arguably support the appeal[.]" *McCoy,* 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440, *supra.* This is the only way in which counsel can show that any argument raised on appeal would lack any basis in law or fact. We therefore find that a complying *Anders* brief must not only state any potential assignments of error that the particular type of case might be expected to involve, it must include a discussion citing relevant law and facts showing why those potential assignments are frivolous. To hold otherwise would be to disregard the fundamental proposition that an *Anders* brief is like any other brief that must conform in all respects to App.R. 16, and in particular, App.R. 16(A)(7) that requires an argument with citation to the record and controlling legal authority.

**{¶10}** Next, we consider what appellate courts should do in cases where counsel files a non-complying *Anders* brief. We recognize that once counsel has represented that a client's appeal is frivolous, the client might very reasonably lose confidence in counsel and request that a new lawyer be appointed. The basis for this view would be that *Anders's* "guarantee of equal and effective counsel has created a fundamental conflict between compliance with the Constitution's requirements and appointed counsel's ethical obligations." *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999), ¶ 25. *Clark* also notes:

> Simply stated, if counsel has concluded that the appeal is "wholly frivolous," counsel has also necessarily concluded that nothing in the record exists that might "arguably support" the appeal. If counsel must file a brief after determining that the appeal has no merit, that brief may ultimately be a brief against the client. By filing a "no-merit" brief, counsel is put in the uncomfortable, possibly unethical position of arguing against the client's interests.

*Id.*

{¶11} Despite this concern, we do not believe that a defendant is entitled to the immediate withdrawal of counsel and appointment of new counsel on the mere assertion that an appeal would be frivolous. Criminal defendants are entitled only to competent counsel, not the counsel of their choice. *See Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Appellate counsel not only has an obligation to the client, but to the court as well. Those obligations can coexist when counsel adheres to the procedures outlined in *Anders*.

{¶12} In cases of de minimis compliance or non-compliance with the standards for *Anders* briefs, counsel will be ordered to file a conforming brief. But in egregious cases of non-compliance — cases where counsel completely fails to conform to App.R. 16(A)(7), we will remove counsel and appoint new counsel instead.[1]

{¶13} Having explained what we expect from an *Anders* brief, we next consider the appellate court's obligations in reviewing a motion to withdraw as counsel on grounds that an appeal would be frivolous.

{¶14} In general, Ohio appellate courts faced with a motion to withdraw as appellate counsel on grounds that an appeal is frivolous must "fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous." *State v. Toney*, 23 Ohio App.2d 203, 208, 262 N.E.2d 419 (7th Dist.1970).

---

[1]Although not required, individual panels may wish to consider whether egregious non-conformance in a motion to withdraw as counsel, as supported by an *Anders* brief, merits sanctions under Loc.App.R. 23(A).

**{¶15}** Exactly how the appellate court should determine whether an appeal is "wholly frivolous" has never been clearly stated. On one extreme, an appellate court could take the motion to withdraw at face value, but that process would violate the express terms of *Anders* that require the appellate court to determine whether any of the potential assignments of error are "arguable on their merits." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶16}** The other extreme is for the appellate court to undertake a completely independent examination of the record to determine whether there might be colorable issues on appeal. This approach has been criticized as "overkill" that makes the appellate court de facto appellate counsel for the defendant. As one court has stated:

> The opposite extreme would be for us to comb the record even where the *Anders* brief appeared to be perfectly adequate, searching for possible nonfrivolous issues that both the lawyer and his client may have overlooked and, if we find them, appointing a new lawyer and flagging the issues we've found for him. We have done this on occasion, but have now concluded that it is not a sound practice. It makes this court the defendant's lawyer to identify the issues that he should be appealing on and to hire another member of the bar to argue the issues that we have identified. The defendant ends up in effect with not one appellate counsel but (if he is lucky) six — his original lawyer, who filed the *Anders* brief; our law clerk or staff attorney who scours the record for issues that the lawyer may have overlooked; a panel of this court that on the advice of the law clerk or staff attorney denies the *Anders* motion and appoints another lawyer for the appellant; the new lawyer. This is overkill, this six-lawyer representation of criminal defendants that we have described and today renounce; it gives the indigent defendant more than he could expect had counsel (whether retained or appointed) decided to press the appeal, since counsel's decision on which issues to raise on appeal would normally be conclusive.

(Citations omitted.) *United States v. Wagner*, 103 F.3d 551, 552 (7th Cir. 1996).

**{¶17}** In addition to being "overkill," this approach — the appellate court conducting its own independent review of the record for possible error — is beyond what *Anders* actually requires. *Anders* states:

The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise *any points* that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the *legal points* arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. (Emphasis added.)

*Anders*, 386 U.S. at 744

{¶18} We have emphasized the words "any points" and "legal points" in the quoted text to show that the "independent review" required by *Anders* is (in addition to a review of counsel's proposed assignment of error) a review of the "points" raised by the appellant in a pro se brief filed in response to appellate counsel's motion to withdraw. This conclusion is further supported by the Supreme Court's directive that if an appellate court finds any of the legal points raised by the appellant to have arguable merit, the court must afford the appellant assistance of counsel to argue the appeal.

{¶19} Loc.App.R. 16(C) of the Eighth District Court of Appeals states:

*Anders* **Brief with Motion to Withdraw as Counsel**. If appellant's counsel in a criminal appeal files a no merit brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel shall also file a separate motion requesting leave to withdraw in compliance with Loc.App.R. 44(B). Counsel shall serve both a copy of the motion to withdraw and the *Anders* brief upon appellant as well as any further court orders that are issued in the appeal unless and until the motion to withdraw is granted.

Upon the filing of an *Anders* brief, the court will either grant appellant leave to file a pro se brief and assignment of error that comports with the appellate rules and local appellate rules within 45 days or, in its discretion, the court may assign new counsel. The order will also inform appellant that the court will independently examine the record regardless of whether such a brief is filed.

If the appellant files a pro se brief, the appellee may respond and the appellant may reply as provided by the appellate rules and local appellate rules. Once briefing is complete, or the 45-day period for filing a pro se brief has lapsed without a brief being filed, the appeal and the motion to withdraw will be assigned to a merit panel for review. The panel will conduct an independent examination of the record to determine if it discloses an issue of arguable merit prejudicial to the appellant. The appeal will be considered submitted on the briefs unless the court sua sponte sets an oral argument date.

**{¶20}** Our directive to conduct an independent examination of the record should be read consistent with language from the Supreme Court that the independent review applies only to the issues or points raised by either the *Anders* brief or the pro se brief. In *McCoy,* the Supreme Court stated:

> In *Anders* we held that a motion to withdraw must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744. That requirement was designed to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability. The *Anders* requirement assures that indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase — a diligent and thorough review of the record and an identification of any arguable issues revealed by that review. Thus, the *Anders* brief assists the court in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw. (Footnotes omitted.)

*McCoy*, 486 U.S. at 439.

**{¶21}** It is counsel's duty to file an *Anders* brief referring to "anything in the record that might arguably support the appeal." Our duty to examine the record is undertaken in the context of the *Anders* brief or a pro se brief filed in response to the motion to withdraw. The Supreme Court made it clear that one of the purposes of the *Anders* brief is to "induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." *Anders* at 745.

**{¶22}** When we review an *Anders* brief to determine whether a potential issue has "arguable merit," we do so understanding that the word "arguable" describes the word "merit." Any issue can be "argued": this is not the same as saying that an issue is arguably "meritorious."

**{¶23}** In the case presently before us, before accepting Taylor's guilty plea, the court informed him that "I may decide personally, after hearing all of the information, decide to run [the counts] concurrently, I may decide to run them consecutively, or stacking them, one on top of the other[.]" After finding Taylor guilty, the court ordered him to serve concurrent, 12-month prison terms on the burglary counts. It ordered Taylor to serve two years of community control on the breaking and entering count, consecutive to the burglary counts and consecutive to the sentence imposed in another case in which Taylor pleaded guilty, CR-13-579213.

**{¶24}** Counsel lists as a possible assignment of error that "the trial court erred when it failed to reasonably make statutorily necessitated findings before imposing consecutive sentences."

**{¶25}** We have reviewed the sentencing transcript and conclude that the potential assignment of error relating to consecutive offenses has no merit because the court made the findings required by R.C. 2929.14(C)(4). In addition, we conclude that the record supports the court's findings. So we agree with counsel that the potential assignment of error would be

frivolous. We note, however, that the trial court's findings are not included in the sentencing entry. Because this error is clerical, having no impact on the merits of Taylor's appeal, we grant counsel's motion to withdraw, but remand the case to the trial court to incorporate the findings for consecutive sentences in the sentencing entry, nunc pro tunc. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3117, 16 N.E.3d 659, ¶ 29.

**{¶26}** Affirmed and remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for correction of the journal entry, nunc pro tunc.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR