[Cite as *State v. Anderson*, 2016-Ohio-3323.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103490

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## AARON A. ANDERSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
### DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-589633-A and CR-14-590789-A

**BEFORE:** Stewart, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 9, 2016

**ATTORNEY FOR APPELLANT**

Edward F. Borkowski, Jr.
P.O. Box 609151
Cleveland, OH 44109

**Also Listed:**

Aaron A. Anderson, pro se
Inmate No. 673134
Marion Correctional Institution
940 Marion-Williamsport Road
Mansfield, OH 43302

**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Aaron A. Anderson pleaded guilty in two cases: in Cuyahoga C.P. No. CR-14-589633-A, he pleaded guilty to failing to verify a current address; in Cuyahoga C.P. No. CR-14-590789-A, he pleaded guilty to robbery. The court ordered Anderson to serve 18 months in prison on the failure to verify count and a prison term of eight years on the robbery count. The sentences are to be served concurrently. Appellate counsel seeks permission to withdraw from the case pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because appellate counsel believes that Anderson has no nonfrivolous issues to raise on appeal. We offered Anderson the opportunity to file a merit brief, but he did not do so. Consistent with *Anders* and Loc.App.R. 16(C) of the Eighth District Court of Appeals, counsel filed a no-merit brief in conjunction with his motion to withdraw as counsel. The no-merit brief considered four possible issues that could be raised on appeal and explained why it would be frivolous for counsel to raise those issues. We examine those arguments in light of the record and legal precedent. *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420, ¶ 20.

{¶2} At the heart of any motion to withdraw as appellate counsel on grounds that there are no nonfrivolous issues to be raised on appeal is the distinction between a losing argument and an argument that is frivolous. Prof.Cond.R. 3.1. states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue in a proceeding,

unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law." The "good faith" component of the rule is partially subjective, and because we assume that lawyers are both competent and ethical, *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 3, counsel's representation to the court of appeals that an argument cannot be made in good faith is entitled to deference, subject to our independent review of the record and determination that an appeal would not be submitted in good faith. *McCoy v. Court of Appeals*, 486 U.S. 429, 447, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988).

{¶3} That one attorney might consider an argument frivolous under the facts of a particular case does not mean that the same argument would be frivolous if raised in a different case. To be sure, when issues on appeal involve the pure application of law, there is generally no basis for disagreement unless an attorney can make a good faith argument for the extension, modification, or reversal of existing law. It is inconceivable, for example, that an attorney could make a good faith argument that there is a five-year statute of limitations for the crime of murder when R.C. 2901.13(A)(2) very plainly states that there is no period of limitation for that offense.

{¶4} But when an issue involves the application of disputable facts to settled principles of law, we recognize that different attorneys could disagree about what may or may not be subject to good faith argument in a particular case. It is one thing to say as a matter of law that Crim.R. 11(C)(1)(c) requires the court to advise the defendant that a guilty plea waives the right to a jury trial; it is another thing to determine under the facts

of a particular case whether the court complied with that rule. For this reason, fact-based issues raised in *Anders* cases are typically nonbinding in regular merit appeals.

**{¶5}** Turning to the merits of counsel's motion to withdraw, counsel suggests that Anderson might complain that the court failed to comply with Crim.R. 11 when accepting his guilty plea, but that the record shows full compliance. We agree with counsel — the record shows that the court scrupulously adhered to Crim.R. 11 before accepting Anderson's plea. Any argument to the contrary would be frivolous.

**{¶6}** We likewise agree with counsel that any argument Anderson might raise that his maximum sentences on both counts are contrary to law would be frivolous because a sentence is only considered contrary to law if it falls outside the statutory range for the applicable degree of felony. *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21; *State v. Powell*, 8th Dist. Cuyahoga No. 99386, 2014-Ohio-2048, ¶ 115. The sentences imposed were within the applicable statutory range, so they were not contrary to law.

**{¶7}** Counsel raises the possibility that Anderson might argue that the court erred by failing to hold a competency hearing after referring him for a competency evaluation as required by R.C. 2945.37(B), but asserts that the argument could not be made in good faith because the court's psychiatric clinic concluded that Anderson was competent to stand trial and that trial counsel stipulated to Anderson's competency to stand trial. We agree — the stipulation waived the statutory requirement for a hearing. *State v. O'Neill*, 7th Dist. Mahoning No. 03 MA 188, 2004-Ohio-6805, ¶ 21 ("Where the parties stipulate

to the contents of the competency reports which opine that the defendant is competent, the parties stipulate to competency and waive the competency hearing."); *State v. Dowdy*, 8th Dist. Cuyahoga No. 96642, 2012-Ohio-2382, ¶ 14.

**{¶8}** The final potential issue raised by counsel — that the court failed to consider the sentencing factors of R.C. 2929.11 and 2929.12 — would be frivolous. Precedent from this appellate district holds that a sentencing court complies with its mandatory duty to consider the sentencing factors of R.C. 2929.11 and 2929.12 if its sentencing entry states that it has considered those factors. *See State v. Szakacs*, 8th Dist. Cuyahoga No. 101787, 2015-Ohio-1382, ¶ 4; *State v. Evans*, 8th Dist. Cuyahoga No. 101485, 2015-Ohio-1022, ¶ 35. The court's sentencing entry not only indicates that it considered the sentencing factors, the sentencing judge stated as much during sentencing and determined that "a prison sanction needs to be imposed to actually protect the public and to punish the defendant."

**{¶9}** We would add that an assignment of error relating to the *weight* the court gave to the R.C. 2929.11 and 2929.12 factors would likewise be frivolous because this court has no authority to consider this issue on appeal. R.C. 2953.08(A) defines five grounds for appealing a criminal sentence. The only applicable ground for a claim that the court failed to consider the sentencing factors of R.C. 2929.11 and 2929.12 would be that the sentence is contrary to law under R.C. 2953.08(A)(4). *State v. Carrington*, 8th Dist. Cuyahoga No. 100918, 2014-Ohio-4575, ¶ 22. The weight that the sentencing judge gives to those sentencing factors is an exercise of its discretion, not an application

of the law. R.C. 2953.08(G)(2) expressly states that an appellate court's standard of review is not whether the sentencing court abused its discretion. So a complaint about the manner in which the court applied the factors would be unreviewable. *See State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 18; *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 12.

**{¶10}** The recent Supreme Court decision in *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, does not change this conclusion. Even though appellate courts can vacate or modify sentences if they find by clear and convincing evidence that the record does not support the sentence, *id.* at ¶ 23, *Marcum* did not consider whether the right to appeal the sentencing court's weighing of sentencing factors is barred as a matter of law by R.C. 2953.08(A). Nothing said in that decision would indicate that *Akins* is no longer viable precedent.

**{¶11}** We grant appellate counsel's motion to withdraw as counsel. Anderson did not file a pro se brief when informed of appellate counsel's desire to withdraw from representation because counsel could not ethically find nonfrivolous issues to raise in this appeal. The failure to file a brief is the functional equivalent of abandoning the appeal. We therefore dismiss this appeal for nonprosecution.

**{¶12}** Appeal dismissed.

It is ordered that appellee recover of said appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

MARY J. BOYLE, J., CONCURRING IN JUDGMENT ONLY:

**{¶13}** I write separately to express my view that *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420, expressly contradicts our role as a reviewing court set forth in Loc.R. 16(C), as well as reviewing courts' role under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under Loc.R. 16(C) and *Anders*, this court has an obligation to independently review the record to determine whether the appellant has an issue of arguable merit. *Anders* at 744. Thus, I respectfully concur in judgment only with the lead opinion.