[Cite as *State v. Lawrence*, 2018-Ohio-3987.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-06-078 |
| | : | D E C I S I O N |
| - vs - | | 10/1/2018 |
| | : | |
| DUSTIN LAWRENCE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No.CR2016-10-1598


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, 5145 Pleasant Avenue, Suite 18, P. O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant


**Per Curiam.**

{¶1} Appellant, Dustin Lawrence, appeals his conviction for domestic violence, gross sexual imposition, and three counts of rape. Counsel appointed to represent Lawrence in this appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), in which counsel represents that he can find no meritorious issues for appellate review. In addition, counsel requests permission to withdraw, asks this court to

perform an independent review of the record, and raises 15 potential assignments of error which might arguably support the appeal.

{¶2} Lawrence filed a pro se brief, raising seven assignments of error. In addition, Lawrence argues this case is not appropriate for briefing pursuant to *Anders*. Instead, he urges this court to adopt the Fourth District's position in *State v. Wilson*, 4th Dist. No. 16CA12, 2017-Ohio-5772, and no longer accept *Anders* briefs. We begin our discussion with this issue.

### *Anders v. California*

{¶3} In *Anders*, the United States Supreme Court examined the constitutional safeguards necessary to protect an indigent's right to effective counsel on appeal when counsel determines the appeal is frivolous. Specifically, the *Anders* court examined "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined there is no merit to the indigent's appeal." *Anders* at 739.

{¶4} After consideration of the issues, the court crafted a procedure to protect an indigent's rights on appeal:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal * * *." On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744.

- 2 -

{¶5}   The Supreme Court later determined that the *Anders* procedure is not mandatory and states are "free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel." *Smith v. Robbins*, 528 U.S. 259, 265, 120 S.Ct. 746 (2000).

### *Anders* in Ohio

{¶6}   Given the limited legal discussion from the Supreme Court subsequent to the *Anders* decision, and the Court's later determination that the *Anders* procedure is not the only method of protecting an indigent's appellate rights, there has been little uniformity in the manner in which states protect the rights of indigent defendants in *Anders*-type situations. *See Wilson*, 2017-Ohio-5772 at ¶ 20.

{¶7}   Ohio courts have generally followed the *Anders* procedure. *See State v. Upkins*, Slip Opinion No. 2018-Ohio-1812, ¶ 18 (Fischer, J. dissenting). However, Ohio courts have applied *Anders* in a variety of ways and there is no defined procedure from the Ohio Supreme Court to give guidance to appeals courts. *See State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420, ¶ 7.

{¶8}   For example, some Ohio appellate courts issue decisions with full legal discussions of the potential assignments of error. *See, e.g.*, *State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220; *State v. Walton*, 8th Dist. Cuyahoga No. 106103, 2018-Ohio-1963. The Eighth District has determined that a court's duty to perform an independent review in *Anders* cases requires it to address only the potential assignments of error (and any pro se arguments) and does not involve a comprehensive review of the record. *See Taylor*. Some courts do not allow *Anders* briefs in permanent custody cases. *See, e.g.*, *In re J.M.*, 1st District Hamilton No. C-130643, 2013-Ohio-5896. Some courts have local rules counsel must follow in filing an *Anders* brief. *See* 1st Dist. Loc.App.R. 16.2; 8th Dist. Loc.App.R. 16(C). Previously, the Sixth District had a local rule that allowed

*Anders* briefs only in criminal cases. *See In re B.H.*, 6th Dist. Lucas Nos. L-17-1126, L-17-1127, 2018-Ohio-1238.

### *State v. Wilson*

{¶9}   The Fourth District's recent decision in *Wilson* marks a departure from Ohio courts' approach to *Anders* cases. In *Wilson*, the Fourth District reviewed the Supreme Court's determination in *Smith v. Robbins* that the *Anders* procedure is not a Constitutional mandate. *Id.* at ¶ 9. The *Wilson* court then discussed the criticisms of the *Anders* approach. These criticisms include the following: prejudice to the defendant by flagging the case as without merit and by involving a perfunctory review by the court; creation of a conflict for counsel between his duty to the court and his duty to his client; existence of a role reversal for counsel and court by placing the court in the role of defense counsel; creation of a greater burden on the judiciary by requiring a full review of the record; and the confusion created by a lack of uniformity in the courts regarding the degree of scrutiny given to *Anders* cases. *Wilson* at ¶ 10-22.

{¶10}  With its review of these criticisms and considerations in mind, the Fourth District decided to "reverse the direction" taken in *Anders* cases and adopt the Idaho Rule: "After counsel is appointed to represent an indigent client during an appeal on a criminal matter, we will not permit counsel to withdraw solely on the basis that the appeal is frivolous." *Wilson* at ¶ 23.

{¶11}  The court then crafted a procedure for appointed counsel to follow when counsel believes an appeal is frivolous. This procedure initially involves a discussion with the client in which counsel informs his client that he believes the appeal is frivolous and tries to persuade his client to abandon the appeal. *Wilson* at ¶ 25. However, "if the defendant chooses to proceed with the appeal nonetheless, counsel must file a merit brief and argue the defendant's appeal as persuasively as possible regardless of any personal

- 4 -

belief that the appeal is frivolous." The Fourth District also outlined a procedure for an indigent to file a supplemental brief when counsel does not raise all issues the indigent believes should be raised. *Wilson* at ¶ 25-26.

{¶12} The Fourth District then concluded that although not perfect, this approach, which goes beyond the minimum safeguards afforded by *Anders*, was a better alternative to the *Anders* method, as it addresses the concerns and criticisms of *Anders* more comprehensively than other approaches. *Wilson* at ¶ 34-35.

{¶13} The Seventh and Sixth Districts have formally decided to follow the Fourth District's decision in *Wilson* and no longer accept *Anders* briefs. *State v. Cruz-Ramos*, 7th Dist. Mahoning No. 17 MA 077, 2018-Ohio-1583; *Ohio v. Wenner*, 6th Dist. No. S-18-004, 2018-Ohio-2590.

{¶14} The Fourth District's position is not without criticism, however. In a subsequent opinion, one Fourth District judge dissented, stating that he was not on the panel in Wilson, and while recognizing the process used in Ohio is not perfect, indicated that the better approach would have been to seek rule changes at the Ohio Supreme Court. *State v. Gillian*, 4th Dist. Gallia No. 16CA11, 2017-Ohio-7386 (McFarland, J., dissenting).

{¶15} The Eleventh District has noted the disagreement between Ohio's appellate courts regarding the appropriate approach, but noted, "nevertheless, [it is] the precedent of this district and most others in Ohio, to follow the procedure outlined in *Anders*." *In re A.J.F.*, 11th Dist. Lake No. 2016-L-115, 2018-Ohio-1208.

{¶16} In November 2016, the Ohio Supreme Court accepted a case involving the issue of whether an appellate court must appoint new counsel when appellate counsel, who also served as trial counsel, files an *Anders* brief. *State v. Upkins*, 149 Ohio St.3d 1405, 2017-Ohio-2822. However, the appeal was later dismissed as having been improvidently allowed. *State v. Upkins*, Slip Opinion No. 2018-Ohio-1812. In a dissenting opinion, Justice

Fischer, joined by Justice French, argued "[t]here are a number of problems regarding *Anders* briefs in this state that should be resolved by this court, and this case presents an opportunity to resolve several of those problems." *Upkins*, Slip Opinion at ¶ 2. The dissent summarized *Anders*, the response to *Anders* in other states, and the treatment of *Anders* in Ohio courts, including a discussion of the appellate districts which have decided not to accept *Anders* briefs. The dissent noted the conflict between districts and indicated that "[w]hile this case did not squarely present the conflict issue, this court will likely have to address the conflict in the future" and argued that the court could have ordered additional briefing on the issue or delayed adjudication of the case until the conflict was resolved. *Upkins*, Slip Opinion at ¶ 24.

**Issues Raised by Lawrence**

{¶17} Lawrence's request for this court to adopt the Fourth District's reasoning in *Wilson* brings the question of this court's position on *Anders* appeals squarely before us. In addition, the facts surrounding Lawrence's appeal raise several of the problems in *Anders* briefs discussed by the *Wilson* decision.

{¶18} Lawrence was charged with gross sexual imposition, kidnapping with a sexual purpose and five counts of rape. The victim in these offenses was his girlfriend's 16-year-old daughter. In addition, Lawrence was convicted of domestic violence against his girlfriend. After a three-day jury trial, Lawrence was found guilty on all counts.

{¶19} The trial court determined three of the rape offenses were allied offenses and that the kidnapping with a sexual purpose offense was allied to the five rape offenses. After merger of the allied offenses, Lawrence was sentenced to consecutive 11-year prison terms on each of the three rape convictions and 18 months each on the gross sexual imposition and domestic violence convictions, to run concurrently to the rape sentences, for an aggregate sentence of 33 years. He was also sentenced to five years postrelease control

- 6 -

and classified as a Tier III sex offender.

{¶20} As mentioned above, counsel's *Anders* brief contains fifteen potential assignments of error that might arguably support the appeal. The issues raised include the certification of expert witnesses, the admission of opinions regarding DNA, the admission of evidence collected by a relative of the sexual offense victim, issues involving the denial of cross-examination of the sexual offense victim regarding text messages she sent to Lawrence, jury instructions, the sufficiency and weight of the evidence, allied offenses, the vindictiveness of the sentence because Lawrence exercised his right to trial, classification as a Tier III sex offender, prosecutorial misconduct, and ineffective assistance of counsel.

{¶21} In his pro se brief, Lawrence raises issues related to prosecutorial misconduct, including coaching the victim during her testimony, false allegations by defense counsel and impermissible opinion testimony in closing arguments. Lawrence also raises issues involving his conviction of multiple counts of rape with the same animus and the court's decision to certify a witness as a DNA expert. Finally, he also argues his sentence was not supported by the record based on statutory findings without factual support, and he was not given the opportunity to review the presentence report as required by Ohio law.

{¶22} Clearly, the case before us presents many of the problems outlined in *Wilson*. There are numerous potential issues raised both by counsel and pro se by Lawrence. The case involves a three-day jury trial, with considerable testimony, as witnesses included the sexual offense victim, her friend, her father, a SANE nurse, a BCI forensic scientist, a BCI forensic scientist in the DNA field, a Hamilton police detective, the defendant's girlfriend, the domestic violence victim. A review of the entire record and consideration of the potential issues without argument by defense counsel puts not only a burden on judicial resources, but also places the court in the role of defense counsel to search out and consider issues when performing such a considerable review.

**{¶23}** Although this court acknowledges problems in the consideration of this appeal under the *Anders* framework, we decline the opportunity to adopt the approach taken in *Wilson*. Instead, we find that clarification and discussion of when an *Anders* brief is appropriate and setting a standard counsel must follow when considering drafting a brief is the proper approach to resolve many of the problems with *Anders* briefs discussed in *Wilson*.

**When is an *Anders* Brief Appropriate?**

**{¶24}** Appellate counsel not only has a duty to his client, but to the court as well. *Taylor*, 2015-Ohio-420 at ¶ 11. The *Anders* procedure allows these obligations to co-exist as it ensures an indigent's right to counsel on appeal is honored when counsel finds the appeal is without merit. *Id.* at ¶ 6. The *Anders* procedure "permit[s] appellate counsel to represent an indigent client and yet avoid the ethical pitfall of filing a frivolous appeal." *State v. Tsibouris*, 1st Dist. Hamilton Nos. C-120414 and C-120415, 2013-Ohio-3324.

**{¶25}** A defendant's right to appeal does not include a frivolous appeal. *Taylor* at ¶ 4, citing *Penson v. Ohio*, 488 U.S. 75, 83-84, 109 S.Ct. 346 (1988). The *Anders* procedure is designed for cases in which "counsel finds his case to be wholly frivolous, after a conscientious examination" of the record. *Anders* at 744. Accordingly, a comprehensive review of the record is a fundamental first step. "Counsel cannot conclude an appeal is frivolous without first conducting a detailed review of the case." *Tsibiouris* at ¶ 6. This detailed review must include a complete review of the case, including all transcripts.[1] *See Tsibouris*; *In re A.J.F.*, Lake Nos. 2016-L-114, 2016-L-115, 2018-Ohio-1208, ¶ 22-24.

**{¶26}** An *Anders* brief should only be filed when counsel finds no legal points arguable on their merits. It should not be used as a method for counsel to shirk his duty to

---

1. Resolution of this case was delayed because counsel was instructed to obtain and review a transcript of voir dire and file a supplemental brief after the court discovered not all proceedings had been transcribed.

represent his client. *Robbins*, 528 U.S. 259, at 282, fn. 2. Therefore, while conducting a complete review, counsel must carefully and conscientiously search the record for arguments on behalf of his client.

**{¶27}** The terms "wholly frivolous," "without merit" and "arguable issue" used in *Anders* have not been clearly defined in later decisions from the Supreme Court, and the confusion surrounding the use of these terms in *Anders* and in later cases has been widely noted. *See, e.g.*, *Robbins* at 282, 284-285. The Supreme Court has indicated that "[w]hatever term is used to describe the conclusion an attorney must reach as to the appeal before requesting to withdraw and the court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact." *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 431, 438, 108 S.Ct. 1895 (1988) fn. 10. The *McCoy* definition of a frivolous appeal as one which "lacks any basis in law or fact" has been followed by Ohio courts. *See, e.g., Taylor* at ¶ 6; *Wilson* at ¶ 6.

**{¶28}** Decisions from Ohio appellate courts provide more specific guidance regarding the duties of appellate counsel when filing an *Anders* brief. Both the First and Eighth districts have looked to the Rules of Professional Responsibility in defining what a frivolous appeal and arguable issue are in the context of *Anders* briefs. *In re J.M.*, 1st Dist. Hamilton No. C-130643, 2013-Ohio-5896; *State v. Anderson*, 8th Dist. Cuyahoga No. 103490, 2016-Ohio-3323. These rules state "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue in a proceeding, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." Prof.Cond.R. 3.1.

**{¶29}** As the Eighth District stated, "[a]t the heart of any motion to withdraw as appellate counsel on grounds there are no nonfrivolous issues to be raised on appeal is the distinction between a losing argument and one that is frivolous." *Anderson* at ¶ 2. We

agree that there is a distinction between appeals that may ultimately be unsuccessful and those that are wholly frivolous. The comments to the Rules of Professional Responsibility indicate that "[a]n appeal is not frivolous even though the lawyer believes that the client's position ultimately will not prevail." *In re J.M.* at ¶ 17, citing Prof.Cond.R. 3.1, comment 2; *see also Smith* at 279-280 (discussing flaws in state procedures that "did not require either counsel or the court to determine that the appeal was frivolous" but instead, "required only that they determine that the defendant was unlikely to prevail on appeal" or required only a finding only that the appeal "would be unsuccessful").

{¶30} Likewise, the Second District has stated "[a]n issue does not lack arguable merit simply because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will ultimately prevail." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242. Instead, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Even when the only issues in a case are pure application of settled law, it is possible an attorney can make a good faith argument for the extension, modification or reversal of existing law. *See Anderson* at ¶ 3.

{¶31} Some Ohio courts have discussed the appropriateness of *Anders* briefs in certain types of cases. We agree that because factual issues are involved, "[r]arely will an *Anders* brief be appropriate for appellate review of a jury trial." *State v. Tall*, 6th Dist. Lucas App. No. L-08-1112, 2009-Ohio-5503. Likewise, courts have stated that *Anders* is inappropriate for cases where the record is extensive and highly fact-based because it places an inordinate burden on the appellate court to scour a voluminous record for error, a task which is far better performed by the active and meaningful assistance of counsel. *See In re J.M.*, 2013-Ohio-5896, at ¶ 16 (finding *Anders* not appropriate for parental

termination cases because of the extensive and fact-based record). In addition, "[i]t is difficult to imagine any appeal challenging the weight of the evidence that would be deemed frivolous." *See id.* at ¶ 17 (discussing counsel's ability to craft arguments in a permanent custody appeal).

**{¶32}** The polestar of cases discussing the *Anders* procedure is the necessity of determining that an indigent was provided constitutionally adequate appellate counsel – not whether the issues raised on appeal will ultimately prevail. This constitutional protection is not provided when counsel views potential issues only in light of whether they are likely to succeed on appeal, and then files an *Anders* brief. Instead, an indigent is entitled to counsel who will vigorously represent him to the best of his ability within the bounds of his professional responsibility. Therefore, we find that counsel must view an "arguable issue" broadly and on finding an arguable issue, must file a merit brief even if counsel considers the arguments unlikely to prevail or anticipates a strong argument in reply from the prosecution.

**{¶33}** However, even given this broad definition of an "arguable issue," we recognize there are situations in which an *Anders* brief may be appropriate. For example, it is possible an *Anders* brief may be appropriate when an indigent pleads guilty and the court has scrupulously adhered to Crim.R. 11 before accepting the plea, or in cases where there is no discretion in sentencing the defendant. *See Anderson*, 2016-Ohio-3323, at ¶ 5-9. In cases where there are no factual issues involved, and the court has meticulously followed the applicable legal rules, principles, or statutes, it is possible no arguable issues may remain for appeal.

**{¶34}** In those cases where counsel finds no arguable issues that can be presented on appeal, an *Anders* brief is appropriate. In addition to filing a request to withdraw, *Anders* instructs counsel to file a "brief referring to anything in the record that might arguably support

the appeal." *Anders* at 744. These are arguments counsel considered, but ultimately determined frivolous. This requirement is designed to provide the appellate court with a basis for determining whether appointed counsel has fully performed the duty to support the defendant's appeal to the best of their ability and to "assist the court in the critical determination of whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy*, 486 U.S. 431 at 439.

{¶35} Finally, if an *Anders* brief is filed with this court, counsel must serve a copy of the brief on the defendant and inform the defendant that he may file a pro se brief if he so desires. *See Anders* at 744. Counsel should include notice of these requirements in the *Anders* brief so that the court can determine whether counsel has fulfilled his duty to his client in this regard.

### Lawrence's Appeal

{¶36} Given our decision to continue accepting *Anders* briefs in the cases where no arguable issue can be found, we decline Lawrence's request to adopt the Fourth District's position in *Wilson*. However, we must determine whether an *Anders* brief is appropriate for this appeal using the principles and guidelines discussed above.

{¶37} As previously discussed, the case before us involved a three-day jury trial for charges of domestic violence, gross sexual imposition, kidnapping with a sexual purpose and five counts of rape. Several witnesses testified, including the victim of the sexual offenses, her father, and her friend. Other witnesses included a SANE nurse, a BCI forensic scientist, a BCI forensic scientist in the DNA field, a Hamilton police detective, and the defendant's girlfriend who was the victim in the domestic violence charge.

{¶38} As also mentioned above, numerous "potential issues" were raised by counsel and were raised pro se by Lawrence. These issues include the certification of expert witnesses, the admission of opinions regarding DNA, the admission of evidence

collected by the victim's relative, issues involving the denial of cross-examination of the victim regarding text messages she sent to Lawrence, jury instructions, sufficiency and weight of the evidence, issues involving allied offenses, the vindictiveness of the sentence because Lawrence exercised his right to trial, classification as a Tier III sex offender, prosecutorial misconduct, sentencing, review of the PSI report and ineffective assistance of counsel.

{¶39} After considering the type of case, the factual and evidentiary issues and possible arguments on appeal, we find several of the possible issues presented in the brief appear to have arguable merit under the standards set forth above.

{¶40} Accordingly, counsel's motion to withdraw is granted. By separate entry, the court will appoint new counsel to represent Lawrence on appeal. After review of the record, new counsel may argue any of the potential errors raised in the *Anders* or pro se briefs, or any other issues identified in a review of the record.

S. POWELL, P.J., RINGLAND and M. POWELL, JJ., concur.