[Cite as *State v. Neal*, 2020-Ohio-493.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :

                                       No. 108425

    v.                                               :

XAVIER NEAL,                                      :

    Defendant-Appellant.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 13, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-630240-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Stephen L. Miles, *for appellant.*

Xavier Neal, *pro se.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Xavier Neal ("Neal") filed a notice of appeal of his conviction following his guilty plea. After reviewing the record, Neal's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396,

18 L.Ed.2d 493 (1967), seeking leave to withdraw as counsel. After a thorough review of the record, we grant counsel's request to withdraw and dismiss the appeal.

**Procedural and Substantive History**

{¶ 2} On June 19, 2018, in Cuyahoga C.P. No. CR-18-629586-A, the Cuyahoga County Grand Jury indicted Neal on one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of felonious assault in violation of R.C. 2903.11(A)(2), and two counts of aggravated menacing in violation of R.C. 2903.21(A). This indictment was the result of Neal attacking a woman with a baseball bat and breaking her arm.

{¶ 3} On July 10, 2018, in Cuyahoga C.P. No. CR-18-630240-A, the Cuyahoga County Grand Jury indicted Neal on one count of failure to comply in violation of R.C. 2921.331(B) with a furthermore specification that his operation of a motor vehicle caused a substantial risk of serious physical harm to persons or property. This indictment was the result of Neal driving the wrong way down East 71st Street in Cleveland, Ohio at a high speed, ultimately driving across a field and onto a sidewalk where children were riding bicycles. Neal was represented by separate appointed counsel in each case.

{¶ 4} On November 14, 2018, the court held a plea hearing. In CR-18-630240-A, Neal pleaded guilty to one count of failure to comply as charged. In CR-18-629586-A, Neal pleaded guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of aggravated menacing as charged; the remaining counts in that case were nolled. The court accepted Neal's guilty pleas

and referred him to the probation department for the preparation of a presentence-investigation report. The court then heard a statement from the victim in CR-18-629586-A.

{¶ 5} On December 13, 2018, the court held a sentencing hearing. The court heard from both defense attorneys, a friend and former colleague of Neal, Neal himself, the victim in CR-18-629586-A, and the prosecutor. Both of Neal's attorneys requested that Neal receive treatment for alcohol abuse. The victim described the extent of her injuries, stating that she suffered broken bones in her arm and had to have a plate put in her arm. The prosecutor requested that Neal be sentenced to prison.

{¶ 6} The court commented on the serious and violent nature of the charges at issue in both cases, as well as Neal's significant criminal history. In CR-18-630240-A, the court sentenced Neal to 24 months on the failure to comply charge and imposed a ten-year Class 2 driver's license suspension. In CR-18-629586-A, the court sentenced Neal to five years in prison on the felonious assault charge, to run consecutive to the 24-month sentence as a matter of law. The court also sentenced Neal to six months on the aggravated menacing charge, to run concurrently, for an aggregate sentence of seven years.

{¶ 7} This appeal followed. Based on the belief that no prejudicial error occurred in the trial court and that any grounds for appeal would be frivolous, Neal's counsel filed a motion to withdraw pursuant to *Anders*. This court entered a judgment entry granting Neal 30 days to file a supplemental pro se brief raising any

additional assignments of error.  On September 18, 2019, Neal filed a supplemental brief, raising one assignment of error for our review.

**Law and Analysis**

{¶ 8} *Anders* outlined a procedure for counsel to follow to withdraw due to the lack of any meritorious grounds for appeal.  In *Anders*, the United States Supreme Court held that if counsel thoroughly studies the case and conscientiously concludes that an appeal is frivolous, he or she may advise the court of that fact and request permission to withdraw from the case.  *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.  Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the [a]ppeal." *Id.*  Counsel must also furnish a copy of the brief to his or her client, and the court must allow time for the appellant to file his or her own pro se brief.  When these requirements have been satisfied, the appellate court must complete an independent examination of the trial court proceedings to determine whether the appeal is "wholly frivolous."  *Id.*  If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements.  If, however, we determine that a possible issue exists, we must discharge counsel and appoint new counsel to prosecute the appeal.  *Id.*

{¶ 9} Former Loc.App.R. 16(C) of the Eighth District Court of Appeals previously set forth the procedure regarding *Anders* briefs and motions to withdraw. Pursuant to an amendment effective February 1, 2019, the rule no longer includes any procedure regarding *Anders* briefs and motions to withdraw.  "Nevertheless,

this court has addressed the duties of defense counsel when filing an *Anders* brief and those of the court of appeals when ruling on motions to withdraw as counsel on grounds that an appeal would be frivolous." *State v. Williams*, 8th Dist. Cuyahoga No. 107847, 2019-Ohio-3766, ¶ 8, citing *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420, and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978).

{¶ 10} Several other districts have adopted a new procedure of no longer accepting motions to withdraw pursuant to *Anders*. *State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d 942 (4th Dist.); *State v. Cruz-Ramos*, 2018-Ohio-1583, 125 N.E.3d 193, ¶ 14-17 (7th Dist.); *State v. Wenner*, 2018-Ohio-2590, 114 N.E.3d 800 (6th Dist.). The Twelfth Appellate District, however, declined to adopt this new procedure and has stated that it will continue to accept *Anders* briefs because they are appropriate in certain situations. *State v. Lawrence*, 2018-Ohio-3987, 121 N.E.3d 1 (12th Dist.).

{¶ 11} Since the amendment to Loc.App.R. 16(C), and in recognition of a lack of clarity from the Ohio Supreme Court as to a uniform procedure appellate courts should follow, this court has continued to follow the procedures outlined in *Anders*. *Williams*; *State v. Sims*, 8th Dist. Cuyahoga No. 107724, 2019-Ohio-4975. While we acknowledge that the divide among appellate districts is likely the result of legitimate criticisms of the *Anders* approach, it nevertheless "'sets forth a procedure for ensuring that an indigent defendant's right to counsel on appeal is honored when his [or her] attorney asserts that the appeal is without merit.'"

*Williams* at ¶ 11, quoting *Taylor* at ¶ 6. Therefore, we must consider whether Neal's counsel's request to withdraw should be granted because any appeal would be wholly frivolous. Although Neal's counsel asserts that an appeal would be wholly frivolous, he presents two potential assignments of error.

{¶ 12} First, Neal's counsel presents as a potential error whether Neal entered his guilty plea knowingly, intelligently, and voluntarily. In order to ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A proper Crim.R. 11 colloquy ensures that the defendant is fully informed of his or her nonconstitutional and constitutional rights and that he or she understands the potential consequences of a guilty plea. *Id.* Upon an independent examination of the record, we conclude that Neal's guilty plea was entered knowingly, intelligently, and voluntarily. The court strictly complied with Crim.R. 11(C) in engaging Neal in a thorough colloquy before accepting his guilty plea.

{¶ 13} Next, Neal's counsel presents as a potential error whether the trial court erred by sentencing Neal to consecutive sentences. Neal pleaded guilty to failure to comply, in violation of R.C. 2921.331(B) for "operat[ing] a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." This charge also included a furthermore specification, providing that Neal caused "a substantial risk of serious physical harm to persons or property." Therefore, the offense constituted

a felony of the third degree pursuant to R.C. 2921.331(C)(5)(a)(ii). Pursuant to R.C. 2921.331(D), if a defendant is sentenced pursuant to division (C)(4) or (5) of the statute for a violation of R.C. 2921.331(B) to a prison term, "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."

{¶ 14} Generally, a trial court must make certain findings, pursuant to R.C. 2929.14(C)(4), before imposing consecutive sentences. Where a defendant is convicted of a failure to comply offense and sentenced pursuant to R.C. 2921.331(C)(5), however, the trial court is statutorily required to run his or her sentence for failure to comply consecutive to any other prison term. R.C. 2929.14(C)(3). Therefore, the trial court properly acted pursuant to a statutory mandate in imposing consecutive sentences.

{¶ 15} Finally, in his pro se brief, Neal argues that he received ineffective assistance of counsel because his trial counsel failed to investigate exculpatory information, incorrectly advised him regarding his guilty plea, and failed to request that Neal receive treatment in lieu of prison. To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance at trial was seriously flawed and deficient and fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 687-688.

{¶ 16} In deciding a claim of ineffective assistance, reviewing courts indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance, and defendants must therefore overcome the presumption that the challenged action might be considered sound trial strategy. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), citing *Strickland*.

{¶ 17} With respect to Neal's argument that his counsel was deficient for failing to request that he receive treatment, we note that the record shows that both attorneys representing him at his sentencing hearing discussed his alcohol abuse and requested treatment. With respect to Neal's argument that counsel failed to investigate exculpatory information, we are unable to address this argument because it necessarily involves matters outside the record. *State v. Martin*, 4th Dist. Lawrence No. 01CA24, 2002-Ohio-6140, ¶ 36; *State v. Harris*, 2d Dist. Montgomery No. 27179, 2017-Ohio-9052, ¶ 19. Finally, Neal's argument regarding his counsel's advice regarding his guilty plea is based on his assertion that he was innocent of the failure to comply charge and counsel was aware that Neal was maintaining his innocence regarding this charge because of his knowledge of exculpatory information. Because this argument is likewise based on matters outside the record, it cannot support an ineffective assistance of counsel on appeal.

{¶ 18} Therefore, following our independent review of the record, we find that no meritorious argument exists and that an appeal would be wholly frivolous. Appellate counsel's request to withdraw is granted, and the appeal is dismissed.

{¶ 19} Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR