[Cite as *State v. Lenard*, 2017-Ohio-8570.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA


JOURNAL ENTRY AND OPINION
**No. 104986**


**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RICHARD MARCUS LENARD**

DEFENDANT-APPELLANT


———————————————

**JUDGMENT:**
APPLICATION DENIED

———————————————


Cuyahoga County Court of Common Pleas
Case No. CR-15-597800-A
Application for Reopening
Motion No. 509715


**RELEASE DATE:** November 15, 2017

**FOR APPELLANT**

Richard Marcus Lenard, pro se
Inmate No. 700503
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Katherine Mullin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Richard Marcus Lenard has filed a timely application for reopening pursuant to App.R. 26(B). Lenard is attempting to reopen the appellate judgment, rendered in *State v. Lenard*, 8th Dist. Cuyahoga No. 104986, 2017-Ohio-4074, that affirmed his conviction and sentence for the offenses of theft and tampering with records. We decline to reopen Lenard's original appeal.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Lenard is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

**{¶3}** In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

**{¶4}** Herein, Lenard has raised one proposed assignment of error in support of his application for reopening. Lenard's sole proposed assignment of error is that:

> The trial court erred by imposing court costs in the entry without imposing them
> in open court.

**{¶5}** Lenard, through his proposed assignment of error, argues that the trial court did not impose costs during the sentencing hearing and thus was prohibited from including court costs within the sentencing journal entry. Contrary to the appellant's argument, the trial court did address the issue of costs during sentencing hearing and did impose costs.

> And on count 2, tampering with records, misdemeanor of the first degree, 6 months. Count 1 and 2 will run concurrent to one another. I am going to waive a fine, order that you do pay court costs. You may perform Court Community Work Service in lieu of costs which you can do in prison. And you are remanded.

Tr. 587 - 588.

**{¶6}** The appellant has failed to demonstrate that he was prejudiced through his sole assignment of error, because the trial court did impose costs at the sentencing hearing. Appellate counsel was not required to raise a frivolous argument on appeal. *State v. Buford*, 8th Dist. Cuyahoga No. 75288, 2000 Ohio App. LEXIS 2623 (May 31, 2000). *See also State v. Anderson*, 8th Dist. Cuyahoga No. 103490, 2015-Ohio-420; *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420.

**{¶7}** Accordingly, the application for reopening is denied.

_____

EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR