[Cite as *State v. Lenard*, 2025-Ohio-750.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,           :

    v.                            :

RICHARD LENARD,                          :

    Defendant-Appellant.          :

No. 114263

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 6, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-597800-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Richard Lenard, *pro* se.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Richard Lenard, appeals the trial court's judgment entry denying his motion for return of property. For the reasons that follow, this court affirms.

{¶ 2} In 2016, a jury found Lenard guilty of grand theft and tampering with records, as charged in the indictment. The court imposed a 16-month prison sentence. Lenard appealed his convictions, raising two assignments of error: (1) whether the trial court erred in allowing the State to amend the indictment during trial, and (2) sufficiency of the evidence. *See State v. Lenard*, 2017-Ohio-4074 (8th Dist.). This court affirmed his convictions, finding no error by the trial court in permitting the amendment and that the State presented sufficient evidence supporting his convictions. *Id.*

{¶ 3} In 2017, Lenard moved to reopen his appeal, contending that appellate counsel provided ineffective assistance in his direct appeal by failing to challenge the trial court's alleged imposition of court costs outside of Lenard's presence during sentencing. *See State v. Lenard*, 2017-Ohio-8570 (8th Dist.). This court denied his application, finding that the court assessed costs during the sentencing hearing. *Id.* at ¶ 5-6.

{¶ 4} In February 2020, Lenard filed a motion for return of property not subject to foreclosure and requested a hearing. He stated that during his arrest in July 2015, detectives unlawfully seized $1,005 from his five checking accounts. Lenard alleged that after he made bail in 2015, he attempted to gain access to his bank accounts, but learned that they were "frozen and/or closed" by detectives. Although Lenard referenced "exhibits," his motion contained no attachments. In his motion, he contended that absent a forfeiture specification in the indictment, the retention of the unlawfully seized money violated his constitutional rights.

{¶ 5} In July 2024, the trial court denied Lenard's motion, finding that because Lenard did not raise any claim in his direct appeal regarding the unlawfully seized property, his argument was barred by res judicata.

{¶ 6} Lenard now appeals, raising as his sole assignment of error that the trial court committed prejudicial error when it denied his motion for return of property without complying with R.C. 2981.04. Specifically, he contends that the State did not comply with the mandatory procedural requirements of R.C. 2981.01 that authorized the trial court and the State to seize and retain his property.

{¶ 7} At the outset, the record before this court is entirely devoid of any information or evidence that detectives seized and retained monetary property from Lenard at the time of his arrest. Lenard stated in his motion that while he was on bond in 2015 during the pendency of the case, he learned that detectives froze or closed his accounts. If he believed that the State unlawfully retained property during his arrest without seeking forfeiture, it was his responsibility to raise this issue with the trial court and seek return of his property during the pendency of the case. *See* R.C. 2981.03(A)(4) (setting forth the procedures for a person to seek relief from unlawfully seized property). He failed to do so.

{¶ 8} Any unlawful seizure of property should have been raised during the trial proceedings to preserve the issue on appeal. Lenard cannot resurrect this issue in his criminal case almost ten years later. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 2010-Ohio-3831, ¶ 59; *State v. Evearitt*, 2014-

Ohio-1995 (6th Dist.) (res judicata applies when the issue of forfeiture of money could have been raised on direct appeal). Accordingly, the trial court did not commit prejudicial error in denying his motion for return of property. The assignment of error is overruled.

**{¶ 9}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR